# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| U.S. SILICA COMPANY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:20-CV-00298-JRG |
| | § | |
| AMBERGER KAOLINWERKE EDUARD KICK GMBH & CO. KG, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned matter on Thursday, March 3, 2022 regarding pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiff U.S. Silica Company ("U.S. Silica" or "Plaintiff") and Defendant Amberger Kaolinwerke Eduard Kick GmbH & Co. KG ("AKW" or "Defendant") (collectively, the "Parties"). (Dkt. Nos. 124–127, 130, 133–137, 184, 188). This Order memorializes the Court's rulings on the aforementioned pretrial motions and MILs as announced into the record, including additional instructions that were given to the Parties. Although this Order summarizes the Court's rulings as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

## PRETRIAL MOTIONS

**1.      U.S. Silica's Motion to Dismiss the '493 Patent (Dkt. No. 124)**

The motion was **GRANTED-IN-PART** with respect to U.S. Silica's claim of infringement for the '493 Patent.  (Dkt. No. 240 at 31:6–7).  Accordingly, U.S. Silica's claim of infringement for the '493 Patent was **DISMISSED-WITH-PREJUDICE**.  The Court found that said dismissal moots AKW's counterclaim of declaratory judgment of non-infringement for the '493 Patent, which was **DISMISSED-WITHOUT-PREJUDICE** in light of the dismissal of U.S. Silica's affirmative infringement claim.  (*Id.* at 31:7–11).  The Court **DENIED** the motion in all remaining respects, namely AKW's counterclaim of declaratory judgment of invalidity for the '493 Patent. (*Id.* at 31:11–15; *id.* at 32:1–8).

**2.      AKW's Motion for Partial Summary Judgment of Non-Infringement (Dkt. No. 133)**

The Parties informed the Court that this motion was now moot in light of the Parties' agreement filed on the docket in advance of the Pretrial Conference (Dkt. No. 234).  (Dkt. No. 240 at 35:23–36:5).  Accordingly, the motion was **DENIED-AS-MOOT**.  (*Id.* at 36:10–12).

**3.      AKW's Motion for Partial Summary Judgment on Priority for the Roofing System Patents (Dkt. No. 137) and U.S. Silica's Motion for Summary Judgment Regarding Priority of Certain Asserted Claims (Dkt. No. 134)**

The motions were **DENIED**.  (*Id.* at 49:5–24).  The Court found that there are material questions of fact remaining that should be resolved by the jury.

**4.      U.S. Silica's Motion for Summary Judgment on AKW's Tortious Interference Counterclaim (Dkt. No. 130)**

The motion was **GRANTED-IN-PART** with respect to AKW's claim of tortious interference with existing business contracts for and as regards to CertainTeed, Soprema, GFA, Malarkey, Firestone, and Siplast.  (*Id.* at 60:17–61:4).  The Court notes that this ruling is limited to tortious interference with existing business contracts and does not impact the separate issue of

tortious interference with prospective business relationships. (*Id.* at 61:5–9). The Court **DENIED** the motion in all remaining respects. (*Id.* at 60:7–16, 61:10–62:6).

5. **U.S. Silica's *Daubert* Motion to Exclude Certain Opinions of Non-Infringement Expert Dr. Richard Haber (Dkt. No. 126)**

The motion was **DENIED**. (*Id.* at 70:12–17). The Court found that the positions taken by Dr. Haber were not so obviously contrary to the Court's claim construction as to warrant exclusion, and that robust cross-examination affords Plaintiff adequate relief in this regard.

6. **AKW's *Daubert* Motion to Exclude Dr. Jerry Weinstein's Opinions that Rely on is His Claim Constructions (Dkt. No. 136)**

The motion was **DENIED**. (*Id.* at 77:11–20). The Court found that, much like the preceding *Daubert* motion on Dr. Haber, there was not a clear violation of the Court's claim construction order to warrant exclusion. The Court also noted that vigorous cross examination of the competing experts, including Dr. Weinstein, is the proper solution.

7. **AKW's *Daubert* Motion to Exclude Dr. Jerry Weinstein's Expert Report on Alleged Infringement (Product-to-Product Comparisons) (Dkt. No. 135)**

The motion was **GRANTED**. (*Id.* at 85:1–86:25). The Court found that Dr. Weinstein's report contained improper comparisons between the accused product and U.S. Silica's allegedly embodying products. The Court also found that the improper comparisons exist throughout the report such that the Court could not simply exclude certain discrete paragraphs. Accordingly, the Court held that Dr. Weinstein is precluded from offering any testimony during the course of this trial that compares or invites the jury to compare the accused products with anything other than the limitations of the asserted claims, including but not limited to the Plaintiff's products. The Court also noted that Dr. Weinstein does properly compare the accused product with the asserted claims and that testimony is appropriate to be presented at trial.

8.      **U.S. Silica's *Daubert* Motion to Exclude Expert Testimony of Dr. Frank Klink Regarding Inventorship and Materiality of Alleged Misrepresentations to the USPTO (Dkt. No. 125)**

The motion was **CARRIED** with respect to inequitable conduct issues that will not be presented to the jury.  (*Id.* at 92:2–5).  The motion was **DENIED** with respect to all remaining issues, namely Dr. Klink's discussion of inventorship issues.  (*Id.* at 91:15–92:5).  The Court found that vigorous cross examination was the proper mechanism for handling this issue.  This may be revisited by Plaintiff at such time as the Court takes up Defendant's inequitable conduct defense as part of a post-verdict bench trial.

9.      **U.S. Silica's *Daubert* Motion to Exclude Certain Opinions of Damages Expert Brian Napper (Dkt. No. 127)**

The motion was **DENIED**.  (*Id.* at 104:19–105:1).  The Court found that vigorous cross examination was the proper mechanism for handling the issues raised in this motion.

# MOTIONS *IN LIMINE*[1]

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

## I.    AGREED MOTIONS *IN LIMINE* (Dkt. Nos. 233, 216 at 11)

The following MILs 1–15 in the Parties' Joint Pretrial Order (Dkt. No. 216 at 11) and Joint Notice (Dkt. No. 233) were **GRANTED AS AGREED** (Dkt. No. 240 at 106:9–19):

Agreed MIL 1       **Present evidence, testimony, attorney argument, or other comments that are inconsistent with the Court's rulings on the pending summary judgment and *Daubert* motions.**

Agreed MIL 2       **Present evidence, testimony, attorney argument, or other comment that any claim terms or phrases are indefinite, ambiguous, unclear, vague, or otherwise not understandable by a person of ordinary skill in the art.**

Agreed MIL 3       **Present evidence, testimony, attorney argument, or other comments regarding other U.S. Silica or AKW litigation.**

Agreed MIL 4       **Present evidence, testimony, attorney argument or other comments regarding the BNP Paribas security interest.**

Agreed MIL 5       **Present evidence, testimony, attorney argument, or other comments that a patent is not infringed because it is invalid.**

Agreed MIL 6       **Present evidence, testimony, attorney argument, or other comments inconsistent with the Court's Claim Construction Order.**

Agreed MIL 7       **Offer lay testimony or other comments regarding issues for which they invoked privilege in discovery.**

Agreed MIL 8       **Present evidence, testimony, attorney argument, or other comments regarding attorneys' fees.**

Agreed MIL 9       **Reference the political affiliation of any party or counsel, or disparage the citizenship or residence of any party or witnesses, except to provide a merely factual statement of residence of citizenship.**

---

[1] As a general matter, the Court noted that MILs should not be used as a back-door motion to strike expert opinions or *Daubert* motion.  The motion *in limine* process is not a substitute for *Daubert* motions or motions to strike portions of an expert's report, and unless expressly stated otherwise, the Court will not use MILs to circumscribe an expert's report that has survived *Daubert* motions and motions to strike.  (Dkt. No. 240 at 108:22–109:1, 109:15–110:3, 135:9–136:2, 142:10–18)

| | |
|---|---|
| Agreed MIL 10 | **Present any testimony or argument that AKW obtained an opinion of counsel and its choice not to produce it means that it must have concluded something negative, or otherwise draw any negative inference from AKW not producing any opinions of counsel.** |
| Agreed MIL 11 | **Reference any discovery disputes between the parties, including the postponement of depositions, lack of production, common interest privilege, attorney client privilege, etc.** |
| Agreed MIL 12 | **Present evidence, testimony, attorney argument, or other comments concerning prior art not already made of record in this litigation.** |
| Agreed MIL 13 | **Present evidence, testimony, attorney argument, or other comments concerning opinion testimony by lay witnesses that is not in compliance with the Federal Rules of Evidence.** |
| Agreed MIL 14 | **Present evidence, testimony, attorney argument, or other comments regarding either party's withdrawing of any claims, defenses or counterclaims, or the Court's dismissal or refusal to dismiss any claims, defenses or counterclaims.** |
| Agreed MIL 15 | **Present evidence, testimony, attorney argument, or other comments that AKW's cessation of sales of the Accused Products amounts to or implies an admission of infringement or evidence of infringement.** |

## II.    PLAINTIFF'S OPPOSED MOTIONS *IN LIMINE* (Dkt. No. 188)

| | |
|---|---|
| Plaintiff's MIL 1 | **Evidence, testimony, attorney argument, or other comments concerning matters that were not properly disclosed in discovery, including the following:** |

- **AKW's tortious interference claims as to the "Undisclosed Customers" (as they are defined in pending summary judgment and Daubert motions);**

- **Undisclosed prior art (*see, e.g.*, *Intellectual Ventures II LLC v. FedEx Corp.*, 2018 WL 10638138, at \*2 (E.D. Tex. Apr. 26, 2018) (granting motion to "[e]xclude non-asserted prior art not relied on as part of FedEx's invalidity contentions");**

- **Opinion testimony by a lay witness or expert opinions not disclosed in an expert report (such as Dr. Haber's deposition testimony that he agrees with Dr. Klink on invalidity, although Dr. Haber has no opinion on invalidity in his expert report), except for responses by an expert to a criticism asserted in an opposing expert's rebuttal report (*see, e.g.*, *Mobile Telecommunications Techs., LLC v. LG***

6

> *Elecs. Mobilecomm U.S.A., Inc.*, 2016 WL 3611559, at *1 (E.D. Tex. Feb. 4, 2016); and
>
> - **Documents produced by AKW after the close of fact discovery (beginning with the document produced at AKW-USS-012791), unless U.S. Silica mentions any such document first. Promethean Insulation Tech. LLC v. Sealed Air Corp., 2015 WL 11027038, at *1-2 (E.D. Tex. Oct. 13, 2015).**

The MIL was **DENIED**.  (Dkt. No. 240 at 111:7–11).

<u>Plaintiff's MIL 2</u>    **Evidence, testimony, attorney argument, or other comments regarding U.S. Silica's financial management and condition.**

The MIL was **GRANTED-AS-AGREED**.  (*Id.* at 111:12–22).

<u>Plaintiff's MIL 3</u>    **Evidence, testimony, attorney argument, or other comments regarding the BNP Paribas security interest.**

The MIL was **GRANTED-AS-AGREED**.  (*Id.* at 112:12–13).

<u>Plaintiff's MIL 4</u>    **Evidence, testimony, attorney argument, or other comments regarding U.S. Silica withdrawing claims based on the '493 Patent or the Court's dismissal of such claims.**

The MIL was **GRANTED-AS-AGREED** to the extent it confirms and conforms to the Court's substantive ruling on the '493 Patent.  (*Id.* at 113:7–10).

<u>Plaintiff's MIL 5</u>    **Evidence, testimony, attorney argument, or other comments regarding U.S. Silica withdrawing claims based on the Sexauer Patents or the Court's dismissal of such claim.**

The MIL was **GRANTED-AS-AGREED**.  (*Id.* at 113:16–17).

<u>Plaintiff's MIL 6</u>    **Evidence, testimony, attorney argument, or other comments regarding the '974 patent.**

The MIL was **GRANTED-AS-AGREED**.  (*Id.* at 114:5–9).  The Court clarified that any issues mooted by the Court's prior ruling are not covered by the MIL.

Plaintiff's MIL 7    **Evidence, testimony, attorney argument, or other comments relating to the timing or sufficiency of testing conducted by U.S. Silica and its retained experts.**

The MIL was **GRANTED** with respect to any direct reference to the discovery process or to the illness of the prior expert witness.  The MIL was **DENIED** with respect to all remaining aspects.  (*Id.* at 117:15–118:16).

Plaintiff's MIL 8    **AKW should be precluded from making any reference, argument, or insinuation that the testing by U.S. Silica's experts is insufficient to establish direct infringement because they were not performed on granules embedded on asphalt sheets.**

The MIL was **GRANTED** with respect to instructing the jury on the law.  (*Id.* at 120:8–121:21).  The Court noted that it is the exclusive role of the Court, not the Parties, to instruct the jury on the law.  However, the MIL was **DENIED** the motion as to appropriate cross examination, including the testing conducted by the experts.  (*Id.*).

Plaintiff's MIL 9    **AKW witnesses who testified at deposition via an interpreter should be precluded from testifying at trial without an interpreter.**

The MIL was **GRANTED**.  (*Id.* at 128:18–130:20).  The Court noted that witnesses who testified during deposition with the aid of an interpreter must testify in the same foreign language during trial.  With respect to deposition designations, the Court ruled that the designations played before jury should not include foreign language.  If counsel believes a portion of the foreign language is particularly relevant to assess credibility, the Court will assess any such instances on a case-by-case basis and as they may be raised by counsel.

## III.    DEFENDANT'S OPPOSED MOTIONS *IN LIMINE* (Dkt. No. 184)

Defendant's MIL 1    **Preclude U.S. Silica from offering argument or testimony that AKW's decision to stop sales of AKCool during the pendency of this lawsuit amounts to an admission of infringement or as evidence of no tortious interference.**

The MIL was **GRANTED-AS-AGREED**.  (Dkt. No. 240 at 132:24–133:1).

**Defendant's MIL 2**     **Exclude reliance or testimony on AKW's trademark filing, application, and issuance, and AKW's identification of a tariff trade schedule as irrelevant and confusing to the jury.**

The MIL was **GRANTED**.  (*Id.* at 138:13–140:2).  The Court noted that the MIL does not preclude expert testimony within the four-corners of the expert's report that has survived *Daubert* and motion to strike practice.

**Defendant's MIL 3**     **Exclude any inadmissible, unreliable and unauthenticated evidence of third-party testing of any roofing products.**

The MIL was **DENIED**.  (*Id.* at 143:17–145:8).

**Defendant's MIL 4**     **Exclude any argument by U.S. Silica that AKW's 35 U.S.C. § 102(f) (inventorship) defense is untimely, time-barred, or subject to laches or equitable estoppel.**

The MIL was **GRANTED**.  (*Id.* at 148:19–149:23).  The Court noted that it is improper for equitable issues to be presented to the jury.  Therefore, the Court intends to be an active gatekeeper such that the Parties should seek leave before proceeding into anything that may be close to the line as to equitable issues before the jury.

**Defendant's MIL 5**     **Exclude U.S. Silica from using Exhibit 11 to Dr. Weinstein's opening report (third party website pages) because the pages have no foundation, are unauthenticated, and will result in jury confusion and prejudice to AKW.**

The MIL was **WITHDRAWN**.  (*Id.* at 150:1–5).

**Defendant's MIL 6**     **Prohibit U.S. Silica from offering any testimony or argument using a product-by-product comparison between WA-11 and AKCool as evidence of infringement of the asserted claims.**

The MIL was **DENIED-AS-MOOT**.  (*Id.* at 150:12–13).

**So ORDERED and SIGNED this 15th day of March, 2022.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE